NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12853


BRIAN L. SAIPE  vs.  SULLIVAN & COMPANY, INC.


March 1, 2021.


Summary Process.  Housing Court.  Handicapped Persons.
    Practice, Civil, Summary process, Moot case.  Supreme
    Judicial Court, Superintendence of inferior courts.


    The petitioner, Brian L. Saipe (tenant or Saipe), is the
defendant in the underlying summary process eviction action
brought by the respondent, Sullivan & Company, Inc. (landlord).
This appeal consolidates (1) Saipe's appeal on the merits from a
judgment of the Housing Court awarding possession to the
landlord and (2) his appeals from various rulings by single
justices of the Appeals Court and of this court denying certain
requests for disabilities accommodations in the Appeals Court
and the county court.  For the reasons discussed below, we
conclude that Saipe's appeals regarding his requests for
disabilities accommodations in the Appeals Court and in our
single justice session are moot, and we affirm the underlying
Housing Court judgment.

    Background.[1]  Saipe has resided at an apartment in Milton
since 2002.  His tenancy has been governed by a written lease
and by subsequent renewals of the lease.  Both parties had the
right to terminate the tenancy at the conclusion of the lease
term without citing any reasons, although the lease required the
landlord to give Saipe notice of nonrenewal at least sixty days
prior to the expiration of the lease term.

_____

    [1] Unless otherwise specified, we draw the facts from the
Housing Court judge's memorandum of decision and order.

Saipe paid the landlord a last month's rent when he moved into the apartment. The landlord paid interest on this amount over the years of the tenancy, either by a check payable to Saipe or by a credit on his rental account. Also, over the course of the tenancy, Saipe has made "numerous demands for repairs and service[,] including repairs to his refrigerator, repairs to his air conditioning unit, issues with insects, and issues with mice," and the landlord's maintenance person provided the requested maintenance and repairs.

In May of 2018, the landlord was in the process of installing a fire alarm system to serve the apartment complex. Saipe objected to the plan and, without consulting the landlord, telephoned the vendor directly, disrupting the installation. On May 29, 2018, more than sixty days prior to the expiration of the lease term, the landlord served Saipe with a notice of nonrenewal of the lease. Among other things, the notice stated that "any payments received for any period after the expiration of your tenancy shall be accepted for use and occupancy only and shall not create any new tenancy with you."[2,3] The lease then expired by its terms on July 31, 2018.

Saipe failed to vacate on July 31, 2018. The landlord served Saipe with a summary process summons and complaint on August 6, 2018. Trial was scheduled in the District Court. Saipe timely filed an answer and counterclaims, requested a jury trial, and filed discovery requests. The trial date was automatically continued to September 6, 2018, and subsequently rescheduled for October 3, 2018.

Sometime after the continued trial date, Saipe contacted the board of health of Milton to report several substandard conditions on the premises. After inspection, the board issued a report describing several conditions in need of correction. The landlord repaired these conditions after receiving the violation notice from the board.

Days before the scheduled jury trial, Saipe, through counsel, removed the case to the Housing Court. On November 14, 2018, Saipe sought an accommodation from the landlord on the basis of alleged disabilities, requesting that the landlord

_____

[2] At the time the landlord made the decision not to renew the lease, it was unaware of any disability claimed by Saipe.

[3] Saipe has continued to pay a monthly amount to the landlord throughout these proceedings.

discontinue the summary process proceeding and renew his lease for at least another year. The landlord refused the requested accommodation but offered to enter a stipulation that would avoid judgment entering on the complaint in order to allow Saipe additional time to relocate.

The parties eventually filed a jury waiver, and a bench trial took place in the Housing Court on three dates in November and December of 2018. Saipe's medical providers testified at the trial that Saipe suffers from several disorders that affect his ability to function, "including the inability to sustain and shift focus, to initiate effort, to organize and prioritize information, and to manage his time." On February 14, 2019, the Housing Court judge issued a decision in which she determined that the landlord had made a prima facie case for possession. The judge then addressed and rejected each of Saipe's defenses and counterclaims, which included "(a) [that] the tenancy was not properly terminated or was revived because the Landlord allegedly 'accepted rent without a reservation of rights after expiration of my lease,' (b) retaliation for telling the Landlord about bad conditions, (c) discrimination on the basis of disability, (d) reasonable accommodation, (e) avoidance of forfeiture, (f) breach of the implied warranty of habitability, (g) failure to pay interest on last month's rent, (h) breach of quiet enjoyment 'for failure to provide adequate security/protection against break-ins,' and (i) violation of the Massachusetts Consumer Protection Statute on account of allegedly 'unlawful terms in my lease.'"

The judge awarded possession to the landlord, but in recognition that Saipe "has a disability which -- to some degree -- has impeded his ability to secure alternative housing at the same pace as another tenant without such disabilities," she granted Saipe "a reasonable accommodation in the form of a limited stay of execution pursuant to [G. L. c. 239, § 9]" (footnote omitted). The judge ordered the execution to issue on March 15, 2019, but specified that the execution should not be served until June 1, 2019, provided Saipe remained current with his use and occupancy payments, among other requirements.

Saipe timely appealed. After his appeal was docketed in the Appeals Court (No. 2019-P-0870), Saipe requested a number of disabilities accommodations from the Appeals Court, which requests were handled by a single justice of that court. As detailed in the Appeals Court docket, after two hearings, some

of these requests were granted and others were not.[4]  Of
particular relevance here, Saipe's request to present his
argument orally in lieu of filing a brief was denied.  Thus,
Saipe remained obligated to file a brief in the Appeals Court,
although his deadline for doing so was extended a number of
times.

Saipe next filed a petition in the county court pursuant to
G. L. c. 211, § 3, seeking relief from the rulings of the
Appeals Court single justice.  While his petition was pending,
Saipe requested a number of additional disabilities
accommodations from this court, many of which were granted.
After a hearing, the single justice denied the G. L. c. 211,
§ 3, petition on the ground that Saipe had an alternative avenue
to seek relief, namely, an appeal to a panel of the Appeals
Court.  The single justice denied a motion for reconsideration
and several other requests for relief, although on two
occasions, the single justice ordered the Appeals Court to
further extend the due date for Saipe's brief.

Saipe subsequently appealed to a panel of the Appeals Court
(No. 2019-P-1763) from the Appeals Court single justice's
rulings, as our single justice had suggested.  Saipe also
appealed to this court from our single justice's denial of his
G. L. c. 211, § 3, petition and from the single justice's denial
of certain of his requests for disabilities accommodations in
this court (No. SJC-12853).

Throughout this time, Saipe made two additional requests to
stay the proceedings in the Appeals Court, or to file his brief
late, which were denied.  Eventually, the deadline for filing
Saipe's brief passed, and the Appeals Court entered a notice
preceding dismissal.  Before his appeal was dismissed, however,
this court transferred both of Saipe's Appeals Court cases sua
sponte to this court and consolidated them with his appeal from
the denial of his G. L. c. 211, § 3, petition.

Saipe has made a number of requests for disabilities
accommodations in this court, as detailed in the docket, many of

---

[4] Saipe had also filed a motion in the Appeals Court to stay
the Housing Court execution.  The Appeals Court single justice
who resolved that motion noted that no action was required on
the motion because the execution was stayed by operation of law
during the pendency of the appeal pursuant to Mass. R. Civ. P.
62, as amended, 423 Mass. 1409 (1996), and Rule 13 of the
Uniform Summary Process Rules (1980).

which were granted, and some of which were not.  Of note, Saipe was permitted to present his legal arguments orally in the presence of the court clerk.  This presentation was transcribed and docketed as Saipe's brief on appeal.  Saipe also was relieved of his obligation as an appellant to file a record appendix.  That responsibility was assigned by the court to the landlord instead.

Discussion.  As a result of our decision to transfer Saipe's underlying appeals to this court, his claims arising from his requests for disabilities accommodations in the Appeals Court -- including his appeal to a panel of that court, his appeal from the denial of his G. L. c. 211, § 3, petition requesting relief from the orders of the Appeals Court single justice, and his appeal from the denial of certain of his requests for accommodation in this court's single justice session -- are now moot.  There being no occasion for further proceedings in those courts, a determination of the accommodations due would serve no purpose.  Instead, as a practical matter, this court's determinations as to the appropriate accommodations to be afforded to Saipe in prosecuting his appeal are reflected in this court's orders on his requests for accommodation in this court.

We therefore turn to the merits of Saipe's appeal from the Housing Court's judgment.  "When reviewing the trial judge's decision, we accept [her] findings of fact as true unless they are clearly erroneous, and we give due regard to the judge's assessment of the witnesses' credibility."  Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005), citing Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996).

Based on our review of the record, the evidence at trial amply supported the judge's findings and legal conclusions.  Of particular significance, Saipe has not offered any basis for us to displace the judge's finding that the landlord made the decision not to renew the lease before the landlord learned of Saipe's disabilities and before Saipe reported the landlord's violations to the board of health.  In short, we affirm the Housing Court judge's very detailed and well-reasoned decision.

We have recently clarified and confirmed "the obligation of Massachusetts courts to provide reasonable accommodations to litigants with disabilities," Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 847 (2019), and we take this opportunity to reaffirm our commitment to ensuring access to justice for every resident of the Commonwealth.

Conclusion.  For the reasons discussed, Saipe's claims arising from the denial of requested disabilities accommodations in the Appeals Court and in the single justice session of this court are dismissed as moot.  The judgment of the Housing Court is affirmed.  To the extent Saipe's claims include a request for a further stay of execution, that request is denied.

So ordered.

The case was submitted on briefs.
Brian L. Saipe, pro se.
Therese Quijano & Christelle J. Jean-Felix for the respondent.